CASE NO. 25-2050

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| SHANON S. RILEY, | ) |
| | ) |
|     Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| HEATHER JORDAN, in her | ) |
| individual and official capacities | ) |
| as the Director of the New Mexico | ) |
| Workers' Compensation | ) |
| Administration, | ) |
| | ) |
|     Defendant-Appellant. | ) |

_____

On Appeal from the United States District Court
for the District of New Mexico
The Honorable Kea W. Riggs
D. Ct. No. 1:25-cv-00044-KWR-KK
_____

# MOTION TO STRIKE PORTIONS OF APPELLANT'S APPENDIX
_____

Plaintiff-Appellee, Shanon S. Riley, through her counsel of record, Kennedy, Hernandez & Harrison, P.C., respectfully submits this Motion to Strike Portions of Appellant's Appendix. *See* Fed. R. App. P. 27; 10th Cir. R. 27; *United States v. Maden*, 64 F.3d 1505, 1510 n.3 (10th Cir. 1995) (granting motion to strike appendix). Defendant Jordan's Appendix includes several hundred pages of

documents that were not presented to the district court prior to its decision that forms the basis of this appeal.[1] Therefore, Ms. Riley respectfully requests that the Court strike these portions of the Appendix and decline to consider any citation or reference thereto. Counsel for Ms. Riley contacted opposing counsel for their position on this Motion. They are opposed.

## **ARGUMENT**

This Court has previously stricken materials not presented to the district court in the first instance. For example, in *Maden*, the Court of Appeals granted a motion to strike a portion of the government's appendix where the government failed to offer the contents of the appendix into evidence before the district court. *Id.*; *see also Sorenson v. Campbell County School District*, 769 F. App'x 578, 582 (10th Cir. 2019) (same). Ms. Riley's Motion is likewise appropriate here.

Under Federal Rule of Appellate Procedure 30(a)(1), the appendix must include "the relevant docket entries in the proceeding below" and "the relevant portions of the pleadings, charge, findings, or opinion[.]" Similarly, Tenth Circuit Rules 30.1(B)(1) and 10.4(A) dictate that "[o]nly essential parts of the district court record should be designated for the record on appeal." The same rules expressly

---

[1] Defendant Jordan also failed to comply with Federal Rule of Appellate Procedure 30(b)(1), which encourages the parties to agree on the contents of the appendix or, in the absence of an agreement, requires the appellant to designate "the parts of the record the appellant intends to include in the appendix[.]" Prior to its filing, Plaintiff's counsel was never made aware of the contents of the appendix.

exclude "briefs, memoranda, and points of authority" from the appendix, unless they were filed in connection with the order being appealed. 10th Cir. R. 30.1(B)(1), 10.4(E).

This Court has repeatedly stated that it will not consider evidence presented to the district court after a preliminary injunction has issued. *See N.M. Dep't of Game and Fish v. U.S. Dep't of the Interior*, 854 F.3d 1236, 1254 & n.23 (10th Cir. 2017); *Verlo v. Martinez*, 820 F.3d 1113, 1125–26 (10th Cir. 2016). Here, Defendant Jordan appeals only the district court's Amended Memorandum Opinion and Order Granting Plaintiff's Motion for Preliminary Injunction. *See* Defendant's Notice of Appeal (Doc. 31), filed May 19, 2025. Thus, any portion of Defendant Jordan's Appendix that includes documents filed after the district court issued its preliminary injunction on May 9, 2025, should be stricken (excluding Defendant Jordan's Notice of Appeal). *See* Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must: . . . designate the judgment—or the appealable order—from which the appeal is taken . . . ."); *Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 444 (10th Cir. 1990) ("Our appellate review is limited to . . . judgments or parts thereof that are designated in the notice of appeal.").

Ms. Riley specifically requests that the Court strike App. 174–87 and App. 190–294, which contain briefing, evidence, and orders filed in connection with Defendant's Emergency Motion for Stay Pending Appeal or Clarification (Doc. 29),

3

filed May 16, 2025, and the parties' cross-motions for summary judgment, *see* Plaintiff's Motion for Partial Summary Judgment as to Counts I and IV (Doc. 36), filed June 2, 2025; Defendant's Motion for Summary Judgment (Doc. 45), filed June 20, 2025. The parties completed briefing on these motions long after the district court issued its preliminary injunction, making them totally irrelevant to this appeal.

## **CONCLUSION**

For the reasons stated above, Ms. Riley respectfully requests that this Court grant her Motion to Strike Portions of Appellant's Appendix, specifically App. 174–87 and App. 190–294.

 

Respectfully submitted,

KENNEDY, HERNANDEZ & HARRISON, P.C.

 /s/ *Jeffrey D. Vescovi*
Paul J. Kennedy
Jeffrey D. Vescovi
201 12th Street Northwest
Albuquerque, New Mexico 87102
(505) 842-8662
pkennedy@kennedyhernandez.com
jvescovi@kennedyhernandez.com

*Attorneys for Plaintiff-Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I electronically filed the foregoing using the Court's CM/ECF filing system, which caused a copy to be served on all parties through their counsel of record.

*/s/ Jeffrey D. Vescovi*
Jeffrey D. Vescovi
