## IN THE UNITED STATE COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | |
|---|---|
| **SHANON S. RILEY,** | ) |
| | ) |
| **Plaintiff-Appellee,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **HEATHER JORDAN, in her** | ) |
| **individual and official capacities** | ) |
| **as the director of the New Mexico** | ) |
| **Workers' Compensation** | ) |
| **Administrative,** | ) |
| | ) |
| **Defendant-Appellant.** | ) |

On Appeal from the United States District Court
for the District of New Mexico
The Honorable Kea W. Riggs
D. Ct. No. 1:25-cv-00044-KWR-KK

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE
## APPELLANT'S REPLY BRIEF

Defendant-Appellant, Heather Jordan, through her counsel of record, Serpe

Andrews, PLLC, respectfully submits this Motion for Extension of Time to File

Appellant's Reply Brief pursuant to Fed. R. App. P. 27. *See also* 10th Cir. R. 27.6.

Appellant's Reply Brief was due on November 20, 2025. Due to an administrative

error, Appellant did not file her Reply Brief on or before the deadline. Appellant has

not edited or modified the Reply since November 15, 2025. Since Appellant inadvertently missed the Court's deadline and has not edited or modified her Reply Brief after November 15, 2025, Appellant respectfully requests this Court allow her to file the Reply Brief. Appellee does not oppose this Motion.

## ARGUMENT

The Federal Rules of Appellate Procedure state an "…appellant may serve and file a reply brief within 21 days after service of the appellee's brief but a reply brief must be filed at least 7 days before argument…" Fed. R. App. P. 31(a). The Federal Rule does not address extensions to file a brief. *Id.* Additionally, the Tenth Circuit Rule 31, only states "[e]xtensions of time to file briefs are disfavored." 10th Cir. R. 31.4 (citing 10th Cir. R. 27.6(A)). Tenth Circuit Rule 27.6 states a "motion to extend time to file a brief must be filed at least three days before the brief's due date *unless the reasons for the request did not exist or were unknown earlier*." (emphasis added). The Rule also explains content requirements and provides a few reasons the court might consider in deciding the motion's merits. *Id.*

Here, Appellant did not become aware she requires an extension of time to file her Reply until after the due date passed. Appellant intended to file her Reply Brief, attached as Exhibit A, on or before November 20, 2025; however, there was an administrative error which ultimately prevented Appellant from filing her Reply before the deadline. Appellant has not edited or modified the Brief since November

15, 2025, and is not attempting to gain any tactical advantage by filing it now. Because Appellant has not edited or modified the Reply Brief since before the deadline passed and the Court has not set or scheduled argument, allowing Appellant to file her Brief does not prejudice Appellee.

## CONCLUSION

For the reasons stated herein, Appellant respectfully requests this Court grant this Motion and allow her to file her Reply Brief.

Respectfully submitted,

By */s/ Blade M. Allen*
Cody R. Rogers
Blade M. Allen
2540 El Paseo Road, Suite D
Las Cruces, NM 88001
Tel. (575) 288-1453
crogers@serpeandrews.com
ballen@serpeandrews.com
***Attorneys for Defendant/Appellant***

## CERTIFICATE OF SERVICE

I hereby certify, on December 15, 2025, I electronically filed the foregoing using the Court's CM/ECF filing system, which caused a copy to be served on all parties and counsel of record.

*/s/ Blade M. Allen*
Blade M. Allen

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

**SHANON S. RILEY,**

    **Plaintiff/Appellee,**

**v.**

**HEATHER JORDAN, in her individual and official capacities as the Director of the New Mexico Workers' Compensation Administration,**

    **Defendant/Appellant.**

**Case No. 25-2050**

---

Appeal from the Honorable Kea W. Riggs of the
United States District Court for the District of New Mexico
No. 1:25-cv-00044-KWR-KK

---

## DEFENDANT/APPELLANT'S
## REPLY BRIEF

---

-ORAL ARGUMENT NOT REQUESTED-

Cody R. Rogers
Blade M. Allen
2540 El Paseo Road, Suite D
Las Cruces, NM 88001
Tel. (575) 288-1453
crogers@serpeandrews.com
ballen@serpeandrews.com
*Attorneys for Defendant/Appellant*

-November XX, 2025-

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................... iii-vi

INTRODUCTION ........................................................................................ 1

ARGUMENT ............................................................................................... 4

I.   Plaintiff failed to make a strong showing that Defendant violated
her procedural due process rights .................................................. 4

     A.   Defendant did not concede that she violated Plaintiff's procedural
due process rights ......................................................... 4

     B.   Defendant sufficiently preserved her argument that she provided
sufficient pre-deprivation due process ........................................ 5

     C.   The district court should have meaningfully analyzed Plaintiff's
due process claim, regardless of Defendant's briefing ............... 6

     D.   *Powell* is directly on point ........................................................ 8

II.   Plaintiff's request for a preliminary injunction was (and is) moot and
barred by sovereign immunity ........................................................... 12

III.   Plaintiff failed to demonstrate any irreparable harm in the absence of a
disfavored preliminary injunction ..................................................... 19

IV.   Oral argument is unnecessary ........................................................... 20

CONCLUSION ........................................................................................... 21

CERTIFICATE OF COMPLIANCE ....................................................... 22

CERTIFICATE REGARDING DIGITAL SUBMISSION AND PRIVACY
REDACTIONS ........................................................................................... 22

CERTIFICATE OF SERVICE ................................................................ 22

# TABLE OF AUTHORITIES

## CASE LAW

### U.S. Supreme Court Cases

*Cleveland Bd. of Educ. V. Loudermill*,
    470 U.S. 532 (1985)........................................................................ 2, 6-7, 13

*Zinermon v. Burch*,
    494 U.S. 113 (1990)......................................................................13

### U.S. Courts of Appeals Cases

*Atencio v. Bd. of Educ. of Penasco Indep. Sch. Dist. No. 4*,
    658 F.2d 774 (10th Cir. 1981) ....................................................5

*Atencio v. Bd. of Educ. of Penasco Indep. Sch. Dist. No. 4*,
    658 F.2d 774 (10th Cir. 1981) ....................................................5

*Brown v. Buhman*,
    822 F.3d 1151 (10th Cir. 2016) ..................................................19

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*,
    356 F.3d 1256 (10th Cir. 2004) ....................................................6

*First W. Capital Mgmt. Co. v. Malamed*,
    874 F.3d 1136 (10th Cir. 2017) ...............................................7, 20

*Galbreath v. Hale Cnty., Alabama Comm'n*,
    754 Fed. Appx. 820 (11th Cir. 2018) ........................................13

*Hicks v. City of Watonga, Okl.*,
    942 F.2d 737 (10th Cir. 1991)....................................................15

*Hunter v. Hirsig*,
    614 Fed. Appx. 960 (10th Cir. 2015) .................................... 19-20

*Issa v. Comp USA*,
    354 F.3d 1174 (10th Cir. 2003) ....................................................7

*Jordan v. Sosa*,
654 F.3d 1012 (10th Cir. 2011) .......................................................18

*Landy v. Fed. Deposit Ins. Corp.*,
486 F.2d 139 (3d Cir. 1973) ...........................................................18

*McKinney v. Pate*,
120 F.3d 1550 (11th Cir. 1994) .......................................................13

*O Centro Espirita Beneficente Uniao do Vegetal v. Ashcroft*,
389 F.3d 973 (10th Cir. 2004) .........................................................14

*O'Neill v. Baker*,
210 F.3d 41 (1st Cir. 2000)..............................................................11

*Powell v. Mikulecky*,
891 F.2d 1454 (10th Cir. 1989) .......................................... 2, 6, 8-12

*Prison Legal News v. Fed. Bureau of Prisons*,
944 F.3d 868 (10th Cir. 2019).................................................... 18-19

*Regan v. Vinick & Young*,
862 F.2d 896 (1st Cir. 1988)............................................................16

*Riggins v. Goodman*,
572 F.3d 1101 (10th Cir. 2009) .......................................................11

*Rio Grande Silvery Minnow v. Bureau of Reclamation*,
601 F.3d 1096 (10th Cir. 2010)........................................................20

*Roberts v. Winder*,
16 F.4th 1367 (10th Cir. 2021)..................................................... 5-6

*Rocky Mountain Gun Owners v. Polis*,
121 F.4th 96 (10th Cir. 2024) ..........................................................19

*Schrier v. Univ. Of Co.*,
427 F.3d 1253 (10th Cir. 2005) ...................................................6, 20

*Sutton v. Bailey*,
    702 F.3d 444 (8th Cir. 2012) ..........................................................................10

*T & M Distributors, Inc. v. United States*,
    185 F.3d 1279 (Fed. Cir. 1999) ....................................................................16

*Wessel v. City of Albuquerque*,
    299 F.3d 1186 (10th Cir. 2002) ....................................................................18

*West v. Grand Cnty.*,
    967 F.2d 362 (10th Cir. 1992) ........................................................ 2, 6-7, 13

*Williams v. Woodford*,
    384 F.3d 567 (9th Cir. 2004) ..........................................................................6

**State Cases**

*State v. Marquez*,
    2023-NMSC-029, 539 P.3d 303 ....................................................................17

## STATUTES, LAWS, REGULATIONS, & RULES

1.7.12.25 NMAC........................................................................................4, 12

Rule 21-102 NMRA....................................................................................8

## INTRODUCTION

The basic facts of this case bear repeating in light of Plaintiff's continued effort to muddy the waters in order to keep a disfavored injunction she never needed (or deserved) in the first place. In November of 2024, Defendant terminated Plaintiff from her position as a workers' compensation judge after Plaintiff admitted she did not vote in the then-recent election despite taking voting leave to do so. *See* Appendix ("App.") at 3-5. Shortly thereafter, Plaintiff filed the instant action alleging that Defendant violated her due process rights by terminating her without first going through a hearing process with the State Personnel Board designed to adjudicate "complaints" from members of the public. *See id.* at 7. Plaintiff also requested a disfavored preliminary injunction requiring Defendant to "reinstate Plaintiff to her position as a Workers' Compensation Judge." *Id.* at 24.

In response, Defendant promptly initiated the State Personnel Board proceedings Plaintiff wanted, *id.* at 58-59, and offered to reinstate Plaintiff and place her on paid administrative until the process concluded, with only a minimal restriction on contacting co-workers (and potential witnesses) about her employment or the proceedings, *id.* at 70 (initial offer), 102 (revised offer). Much to Defendant's surprise, Plaintiff rejected the offer of reinstatement and sought to dismiss the State Personnel Board proceedings. *Id.* at 80-81, 91-94, 108-111. Apparently, Plaintiff believed she was still entitled to actively adjudicate case and speak to her co-workers

1

about her employment and the State Personnel Board proceedings simply because that was the "status quo" before her termination. *Id.* at 108-11. Even more surprisingly, the district court agreed—without *any* analysis as to whether Plaintiff was entitled to this additional relief. *Id.* at 170-73. Although the district court has since partially corrected course and amended its injunction to allow Plaintiff to be placed on paid administrative leave, *id.* at 247, this Court's intervention remains necessary.

This Court should reverse for two primary reasons. First, Plaintiff failed to carry her burden of making a strong showing that she was likely to succeed on her procedural due process claim when it was undisputed that Defendant confronted Plaintiff about taking voting leave without voting, Plaintiff admitted to basic facts constituting the misconduct, and Plaintiff has had the opportunity for a fulsome post-deprivation review since February of 2025. *See Powell v. Mikulecky*, 891 F.2d 1454 (10th Cir. 1989). Contrary to Plaintiff's claims, Defendant never conceded this issue. And while Defendant focused instead on the obvious mootness of Plaintiff's request, she still provided the district court with relevant caselaw explaining that "[a] brief face-to-face meeting with a supervisor provides sufficient notice and opportunity to respond to satisfy the pretermination due process requirements of [*Cleveland Bd. of Educ. V. Loudermill*, 470 U.S. 532 (1985)]." App. at 48 n.1 (quoting *West v. Grand Cnty.*, 967 F.2d 362, 368 (10th Cir. 1992)). The district court's summary conclusion

to the contrary based solely on a misreading of the parties' stipulations was clearly erroneous and should be corrected regardless of any alleged deficiencies in Defendant's briefing.

Second, and more perhaps importantly, Plaintiff's request for a disfavored preliminary injunction was (and is) moot and barred by sovereign immunity. Plaintiff came to court alleging that Defendant's decision to terminate her without first going through the State Personnel Board process violated her procedural due process rights, and she requested a preliminary injunction reinstating Plaintiff to her position. In a sincere effort to address Plaintiff's concerns, Defendant promptly initiated the proceedings Plaintiff wanted and offered to reinstate Plaintiff and place her on paid administrative leave with minimal communicative restrictions in the interim to ensure the integrity of the proceedings—mooting the need for a disfavored preliminary injunction. While Plaintiff rejected these good faith efforts on the belief that she was entitled to actively serve as a judge and talk to her coworkers about matters relating to the proceedings, she failed to make a "strong showing" that this was so. Plaintiff likewise fails to do so on appeal, instead choosing to rely on irrelevant points and baseless accusations. This Court should reverse.

# ARGUMENT

## I. Plaintiff failed to make a strong showing that Defendant violated her procedural due process rights

As explained in Defendant's Brief-in-Chief, Plaintiff failed to make a strong showing that Defendant violated her procedural due process rights when it was undisputed that Defendant met with her, Plaintiff admitted to the basic facts constituting the suspected misconduct prior to her termination, and Plaintiff has since had the opportunity to go through a robust post-deprivation process. Plaintiffs' arguments to the contrary are unavailing.

### A. Defendant did not concede that she violated Plaintiff's procedural due process rights

First, Plaintiff claims Defendant conceded she did not provide Plaintiff with a "notice and an opportunity to be heard." Response at 7, 15-16. However, this is based on a misreading of Defendant's stipulation that "[p]rior to delivering the termination letter, Defendant did not submit a complaint to the State Personnel Board, Defendant did not provide Plaintiff with a hearing, and Defendant did not comply with *any other required procedure under the New Mexico Administrative Code* in terminating Plaintiff." App. at 114 (emphasis added); *see also id.* at 116 (listing Defendant's contentions about meeting). As explained previously, Defendant was clearly talking about the hearing process outlined in 1.7.12.25 NMAC—not an informal "hearing" in the general due process sense. *See* Brief-in-

4

Chief at 7 n.3; *see also Atencio v. Bd. of Educ. of Penasco Indep. Sch. Dist. No. 4*, 658 F.2d 774, 779 (10th Cir. 1981) (stating that "a breach of state procedural requirements is not, in and of itself, a violation of the Due Process Clause"). Defendant had at all times maintained that she provided Plaintiff with constitutionally sufficient notice and an opportunity to be heard. *See, e.g.*, App. at 48 n.1, 51 n.2, 55, 97 n.2. Accordingly, this issue was not conceded.

### B. Defendant sufficiently preserved her argument that she provided sufficient pre-deprivation due process

Next, Plaintiff claims that Defendant failed to preserve her argument that she provided Plaintiff with sufficient pre-deprivation due process because Defendant did not spill enough ink over this below. *See* Response at 17-18. Admittedly, Defendant did not dedicate significant briefing to this issue in light of her reasonable expectation that Plaintiff would accept Defendant's offer of reinstatement that provided her with the very remedy she wanted. Nonetheless, Defendant sufficiently preserved this issue.

Defendant indicated that she believed her initial termination of Plaintiff did not violate due process at least four separate times before the district court issued its injunction. *See* App. at 48 n.1, 51 n.2, 55, 97 n.2. She also cited binding authority to support her position. Defendant cited *Roberts*, which she parenthetically explained found "no procedural due process violation when [an] employer informed [an] employee his rank and pay would be reduced and subsequently sent letter to [the]

employee's counsel rejecting his grievance and explaining [the] termination." App. at 48 n.1 (citing *Roberts v. Winder*, 16 F.4th 1367, 1380 (10th Cir. 2021)). And Defendant quoted this Court's statement in *West* that "[a] brief face-to-face meeting with a supervisor provides sufficient notice and opportunity to respond to satisfy the pretermination due process requirements of *Loudermill*." App. at 48 n.1 (quoting *West*, 967 F.2d at 368 (citing *Powell*, 891 F.2d at 1459.).

The foregoing was sufficient to alert the district court that it should not just gloss over this critical issue. *Cf. Williams v. Woodford*, 384 F.3d 567, 587 n.5 (9th Cir. 2004) (rejecting claim of waiver even though argument was made in footnote because party included citations to authorities and record).

### C. The district court should have meaningfully analyzed Plaintiff's due process claim, regardless of Defendant's briefing

Even if the Court agrees Defendant should have dedicated more briefing to the issue of Plaintiff's procedural due process claim, the district court was required to meaningfully scrutinize the merits of Plaintiff's claim. As the requester of an "extraordinary remedy," it was incumbent on Plaintiff to demonstrate a "clear and unequivocal" right to a disfavored preliminary injunction—including a "strong likelihood of success" on the merits of her procedural due process claim. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir. 2004); *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005). To that end, it was Plaintiff's burden to demonstrate that Defendant clearly failed to provide her

with pre-deprivation notice and an opportunity to be heard, which "need not be elaborate." *West*, 967 F.2d at 367 (quoting *Loudermill*, 470 U.S. at 545).

This is true regardless of Defendant's decision to focus her briefing on updates that were reasonably anticipated to moot Plaintiff's request for injunctive relief. *Cf. First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1145 (10th Cir. 2017) (addressing likely unpreserved argument and observing that "[g]iven the nature of injunctive relief, we should not entrench an erroneous result based on forfeiture[.]"); *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("Even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

Plaintiff failed to meet her burden when the undisputed facts showed that: (1) Plaintiff knew she submitted a timesheet inaccurately taking voting leave that needed to be corrected and failed to take any action to correct it for nearly a week; (2) Defendant met with Plaintiff and asked her if she voted; (3) Plaintiff admitted she did not vote;[1] (4) Defendant handed Plaintiff a letter informing her that actions constituted a violation of the code of judicial conduct and grounds for her

---

[1] Defendant previously stated that Plaintiff indicated that she "simply forgot to edit her timesheet." Brief-in-Chief at 3, 14. However, this fact (and many others subsequently developed) was not before the district court at the preliminary injunction stage. Undersigned counsel apologizes for this oversight.

termination;[2] and (5) Plaintiff has had the opportunity to go through the State Personnel Board hearing process since February of 2025, which will provide robust procedural due process protections. *See* App. at 15-16, 47-70, 96, 102-03; *Powell*, 891 F.2d 1454. The district court's conclusion to the contrary, which wholly ignored these facts and relied solely on a misreading of Defendant's stipulations[3] without any meaningful analysis of relevant caselaw was clearly erroneous. *See* App. at 156-57.

### D. *Powell* is directly on point

As previously explained, this Court's decision in *Powell*, 891 F.2d 1454, confirms the district court got it wrong. *See* Brief-in-Chief at 13-17. The Court should reject Plaintiff's attempts to avoid this conclusion.

First, Plaintiff claims that (unlike her) the firefighter in *Powell* was adequately notified of the charges against him because he "admitted directly to the basis for his

---

[2] Plaintiff claims she could not know how her actions breached her duty to promote integrity and avoid impropriety and the appearance of impropriety without some additional explanation from Defendant. *See* Response at 18. This is hard to believe. Any reasonable jurist would know that inaccurately certifying that one's use of voting leave was "true and accurate" and failing to correct this until confronted implicates these principles. Even if Plaintiff truly "simply forgot" to edit her timesheet as she claims, this situation still raises the *appearance* of impropriety—as the district court itself observed. *See* App. at 160; Rule 21-102 NMRA Cmt. 5.

[3] Plaintiff asserts this was not the sole basis for the court's decision but does not point to any other facts or evidence that the district court relied on to support its conclusion. *See* Response at 20-21.

termination." Response Brief at 18. But that is the exact situation here. The firefighter in *Powell* did not admit to "an improper attempt to interfere with the [city's] authority to establish a mutual aid policy"; he simply admitted he "had asked them not to sign a mutual aid agreement." *Id.* It was his chief who "considered" this to be improper conduct. *Id.* Nevertheless, the Court held that the chief's question and the firefighter's admission to the *underlying conduct* alone provided sufficient notice. *See id.* at 1459. The same thing happened here: while Plaintiff did not admit to "violating the code of judicial conduct" or "committing time fraud" (after all, what employee would?), she admitted she took voting leave without voting—conduct that Defendant reasonably considered amounted to time fraud and a violation of the code of judicial conduct. *See* App. at 15-16; *see also id.* at 160 (district court agreeing that Plaintiff's admission "that she ultimately submitted a timesheet that did not accurately reflect her time worked and time taken off. . . . could create in some reasonable mind an assumption that Plaintiff is dishonest").

Next, Plaintiff claims that, unlike *Powell*, "an opportunity for further explanation would have certainly prevented Plaintiff's erroneous termination." Response Brief at 19. According to Plaintiff, she could have explained that she had accrued other time off she could have used instead, which Plaintiff seemingly implies would prove that she had no motive to commit time fraud. *See id.* This argument misses the mark for several reasons.

First, an employee with accrued time still has a motive to commit time fraud so they can preserve their leave balance for other uses. Nor would retroactively substituting other accrued time off rectify the appearance of impropriety of falsely taking voting leave in the first place. Second, Plaintiff *did* have an opportunity to explain her actions when Defendant asked her if she voted, but she failed to do so: while Plaintiff alleges Defendant gave her the termination letter immediately after she answered the initial question, it is undisputed Defendant asked Plaintiff an open-ended question and did not interrupt Plaintiff. *See* App. at 4-5. Lastly, Plaintiff's argument is really just an attack on the merits of Defendant's decision—not on the adequacy of the pre-termination procedure. *See Sutton v. Bailey*, 702 F.3d 444, 448 (8th Cir. 2012) (rejecting argument that it was unreasonable for employer to believe that Facebook post "was not a joke" and stating that such an argument "is an attack on the merits of the decision to terminate, not on the adequacy of the pre-termination procedure").

Plaintiff also claims *Powell* is distinguishable because Defendant was supposedly biased, unlike the fire chief. *See* Response at 19. But Plaintiff provides no real support for this assertion. The only thing Plaintiff points to is the fact that Defendant went to the meeting with a pre-signed termination letter and her alleged statement that "the decision has already been made." *Id.* But there is nothing improper about preparing paperwork to deliver to Plaintiff in the event she admits

to the conduct constituting the misconduct (which she did). *See O'Neill v. Baker*, 210 F.3d 41, 49 (1st Cir. 2000) ("Instituting termination proceedings and preparing the necessary documentation in advance of the final pre-termination hearing are not deprivations of due process rights."); *accord Riggins v. Goodman*, 572 F.3d 1101, 1110 (10th Cir. 2009) ("[N]othing requires a municipal employer to hold a hearing prior to the initial decision to terminate a position; rather, a hearing is required before employees are actually deprived of their jobs."). Moreover, Plaintiff herself admits that any supposed comment that "the decision has already been made" was made *after* she was terminated. *See* App. at 16-17; *Riggins*, 572 F.3d at 1113 ("Personal bias may be shown by *prior* statements going to the merits[.]" (emphasis added)). Thus, Plaintiff's claims of bias are nothing more than pure speculation.

Finally, Plaintiff tries to distinguish *Powell* on the basis that the firefighter eventually received a "full-fledged post-termination hearing" whereas she "received nothing." Response at 20. This ignores the fact that Plaintiff *has* had the opportunity to go through a "full-fledged post-termination hearing" since early February. *See* App. at 48. Although it is true this did not occur until shortly after Plaintiff filed her lawsuit in January, Plaintiff provides no authority for the proposition that the state is barred from providing a post-deprivation hearing once a plaintiff files suit shortly after her termination. For good reason: such a rule would incentivize plaintiffs to

rush to federal court to collect damages and attorneys' fees rather than try to actually resolve the purported due process violation.

For the foregoing reasons, the Court should find *Powell* persuasive and conclude that Defendant's meeting with Plaintiff likely provided sufficient pre-deprivation due process.[4]

## II. Plaintiff's request for a preliminary injunction was (and is) moot and barred by sovereign immunity

The crux of Plaintiff's suit is that she was purportedly deprived of due process when Defendant terminated her without going through the State Personnel Board hearing process set out in 1.7.12.25 NMAC. *See* App. at 6-12. As previously explained, Plaintiff's request for a preliminary injunction addressing these concerns was mooted when Defendant initiated those very proceedings and offered to reinstate Plaintiff and place her on paid administrative leave with minimal communicative restrictions in the interim to ensure the integrity of the proceedings. *See* Brief-in-Chief at 17-20. Plaintiff's continued efforts to resist this common-sense conclusion are both confusing and unpersuasive.

---

[4] As a final resort, Plaintiff asks this Court not to "extend[] *Powell* any further." Response at 20. The Court need not worry about Plaintiff's parade of horribles, as no "extending" is necessary since this case falls squarely within the facts of *Powell*. Indeed, this case is easier than *Powell* in some respects. For example, Defendant gave Plaintiff a written letter at the meeting explaining the basis for her termination, unlike the fire chief in *Powell*.

First, Plaintiff tries to distinguish one of the cases Defendant relies on for the proposition that a "state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (citing *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). Plaintiff claims *McKinney* (and presumably the line of cases relying on *Zinermon*) is inapt because Defendant here "failed to provide any post-termination remedy" before Plaintiff went to federal court shortly after her termination. Response at 25. In support, she cites an unpublished case from the Eleventh Circuit explaining that *McKinney* has no application when "there complete lack of a pretermination hearing." *Galbreath v. Hale Cnty., Alabama Comm'n*, 754 Fed. Appx. 820, 828 (11th Cir. 2018). However, it is undisputed Defendant here *did* provide some sort of pretermination hearing by meeting with Plaintiff. *See* App. at 4-5, 16-17; *West*, 967 F.2d at 368 ("A brief face-to-face meeting with a supervisor provides sufficient notice and opportunity to respond to satisfy the pretermination due process requirements of *Loudermill*.").

Next, Plaintiff argues that she still needed a preliminary injunction "to preserve her employment as it existed prior to her termination, until the district court could determine the propriety of the termination and the process Defendant afforded to [Plaintiff]." Response at 27. Plaintiff claims Defendant's offer of reinstatement

"never fully preserved the status quo" because it would not allow Plaintiff to maintain an active workers' compensation docket and have unfettered access to her colleagues (and potential witnesses in the State Personnel Board proceedings). *Id.* In essence, Plaintiff maintains that anything short of restoring her to the status quo before her termination was insufficient to moot her request.

Plaintiff is mistaken. It is true that the purpose of a preliminary injunction is generally to preserve the "status quo" so the court can provide a remedy after a trial on the merits. However, Plaintiff never explained (below or on appeal) why a preliminary injunction was necessary to prevent some "unilateral action which would prevent the court from providing effective relief to the movant should the movant prevail on the merits." Response at 26 (quoting *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 977 (10th Cir. 2004) (en banc) (Murphy, J., concurring), *aff'd and remanded sub nom. Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006)). How would Defendant's initiation of the proceedings Plaintiff wanted and offer to place Plaintiff on paid administrative leave with minimal restrictions prevent the district court from providing relief at the end of the day should it rule in Plaintiff's favor? The simple answer is that it would not.

More importantly, Plaintiff's argument ignores the "well-settled principle that an injunction must be narrowly tailored to remedy *the harm shown*." *Citizen Band*

*Potawatomi Indian Tribe of Oklahoma v. Oklahoma Tax Comm'n*, 969 F.2d 943, 948 (10th Cir. 1992) (emphasis added). Thus, Plaintiff was only entitled to a preliminary injunction addressing the harm shown, regardless of whatever the status quo ante was. *At most*, Plaintiff demonstrated that she should not have been *fired* without receiving more procedural due process—something Defendant had already addressed. But she failed to show that Defendant could not place her on paid administrative leave while the State Personnel Board process played out. *See Hicks v. City of Watonga, Okl.*, 942 F.2d 737, 746 n.4 (10th Cir. 1991). Nor has Plaintiff shown (below or on appeal) why Defendant could not restrict her from communicating with her coworkers during this time "regarding matters related to your employment or the State Personnel Board investigation." App. at 102; *see* Brief-in-Chief at 22-23. Plaintiff, therefore, failed to show why a disfavored preliminary injunction was still necessary.

Relatedly, Plaintiff claims that "a preliminary injunction [was] necessary to prevent actions by Defendant that would disrupt the status quo, including subsequent termination decisions, constitutional violations, and retaliation." Response at 27. Again, Plaintiff provides no real support for these suppositions. Plaintiff largely relies on her own *untested* allegation that her timesheet fraud was merely a "minor timesheet error" that Defendant used as "pretext." *Id.* at 27-28. Additionally, her claim that Defendant tried to place her "on the most restrictive form of administrative

leave possible" is false and has no support in the record, as Defendant used the standard administrative leave language for those suspected of wrongdoing. And while Plaintiff is correct that state law gives Defendant the final say over Plaintiff's employment, Plaintiff does not explain how this suggests that Defendant could not be impartial or would retaliate against Plaintiff. *See id.*

Contrary to Plaintiff's baseless accusations, Defendant has at all times acted in good faith to address Plaintiff's procedural due process concerns. To that end, Defendant initiated the State Personnel Board process Plaintiff requested and offered to place Plaintiff on paid administrative leave with only minimal restrictions on communicating with her coworkers in the interim—all well before the district court issued its injunction. *See* App. at 58-59, 102. Plaintiff's unsupported speculation that Defendant might suddenly turn about face is insufficient to obtain a disfavored preliminary injunction. *See T & M Distributors, Inc. v. United States*, 185 F.3d 1279, 1285 (Fed. Cir. 1999) ("[G]overnment officials are presumed to act in good faith, and it requires well-nigh irrefragable proof to induce the court to abandon the presumption of good faith dealing." (cleaned up)); *Regan v. Vinick & Young*, 862 F.2d 896, 902 (1st Cir. 1988) ("Speculation or unsubstantiated fears about what may happen in the future cannot provide the basis for a preliminary injunction.").

Plaintiff similarly claims her request for injunctive relief remains live under the voluntary cessation doctrine. *See* Response at 28-29. The Court should reject this

argument for two reasons. First, Plaintiff did not argue it below. *See* App. at 49-50 (Defendant explaining that this exception does not apply); *id.* at 71-80, 82-89 (Plaintiff not addressing this argument). Had she done so, Defendant would have submitted a declaration addressing this factually intense issue. It would be unfair for this Court to rely on this exception now. *See State v. Marquez*, 2023-NMSC-029, ¶ 32, 539 P.3d 303 ("It would be unfair to an appellant to affirm on a fact-dependent ground not raised below because it is improper for an appellate court to engage in fact-finding and because the appellant would have lacked an opportunity to present admissible evidence relating to the fact." (cleaned up)).

Perhaps more importantly, however, Defendant *has* clearly shown that the challenged conduct (i.e., terminating Plaintiff without providing due process) is not reasonably expected to reoccur. She initiated the process Plaintiff desired, and she delivered a formal offer of reinstatement to Plaintiff placing her on paid administrative leave until the process is completed. *See* App. at 58-59, 102. She has also declared under penalty of perjury that: (1) "she will not act on Plaintiff's employment with the WCA or her status of being on paid administrative leave as it relates to the instant dispute until further order of the court or conclusion of the State Personnel Board complaint process"; App. at 294, and (2) she has "no ill will towards Plaintiff, and [she] will make any decision regarding her future employment

. . . in good faith after thoroughly reviewing the State Personnel Board's findings." ECF No. 53-1 at 2.[5]

Defendant's actions are much more than a "mere informal promise or assurance that the challenged practice will cease." *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 881, 86 (10th Cir. 2019) (cleaned up) (finding official's declaration that he would provide procedural protections going forward sufficient to show that the voluntary cessation exception does not apply);[6] *cf. Wessel v. City of Albuquerque*, 299 F.3d 1186, 1194 (10th Cir. 2002) (holding that plaintiffs failed to show need for permanent injunction when the government defendant issued a corrected notice and committed itself to include the required information in future notices). Rather, they are genuine efforts to address Plaintiff's concerns. *See Prison Legal News*, 944 F.3d at 882 ("[G]overnment self-correction provides a secure

---

[5] Defendant's declarations were submitted after the district court issued its preliminary injunction. Nonetheless, Defendant respectfully urges this Court to consider them if it is inclined to address the voluntary cessation exception that Plaintiff failed to brief below. *See Jordan v. Sosa*, 654 F.3d 1012, 1020 & n.11 (10th Cir. 2011) (taking judicial notice of subsequent developments that render case moot); *Landy v. Fed. Deposit Ins. Corp.*, 486 F.2d 139, 151 (3d Cir. 1973) ("Judicial notice is frequently taken, of course, of developments not of record subsequent to a lower court decision in the application of the mootness doctrine by appellate courts.").

[6] Plaintiff attempts to distinguish *Prison Legal News* on the basis that the defendant in that case "permanently altered its challenged administrative policies." Response at 29. However, the defendant there simply revised its institutional policies and declared it would follow them going forward. This is no more "permanent" than the actions Defendant has taken here.

foundation for mootness so long as it seems genuine. And absent evidence the voluntary cessation is a sham, the mere possibility a successor official may shift course does not necessarily keep a case live." (cleaned up)).[7] And while Defendant's offer of reinstatement was not the precise remedy *requested* by Plaintiff, it was the precise remedy she *proved* she was entitled to (assuming, *arguendo*, she demonstrated a due process violation). Accordingly, the Court should not apply the voluntary cessation exception.

## III. Plaintiff failed to show any irreparable harm in the absence of a preliminary injunction

Plaintiff's failure to demonstrate any likelihood (let alone a *strong* likelihood) of success on her claim for injunctive relief based on a purported procedural due process violation negates a finding of irreparable harm stemming from a constitutional injury. *See Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 128 (10th Cir. 2024). Similarly, her alleged reputational injury from temporarily being placed on paid administrative leave while she goes through the State Personnel Board process is not irreparable—as the district court itself acknowledged. *See Hunter v. Hirsig*, 614 Fed. Appx. 960, 963 (10th Cir. 2015); App. at 244 n.1 (recognizing that "it is true that reputational harm alone is not sufficient to sustain a

---

[7] That Defendant does not concede that the initial termination violated Plaintiff's procedural due process rights does not alter this conclusion. *See Brown v. Buhman*, 822 F.3d 1151, 1177 (10th Cir. 2016).

preliminary injunction" (citing *Hunter*, 614 Fed. Appx. at 963).[8] Left with nothing else to point to, Plaintiff failed to demonstrate the irreparable injury necessary for a disfavored preliminary injunction. *See Schrier*, 427 F.3d at 1267.

## IV. Oral argument is unnecessary

Plaintiff summarily asserts that oral argument will assist the Court "[g]iven the complex legal issues presented by this case." Response Brief at 30. Defendant disagrees. The issues in this case are fairly straightforward—especially the mootness of Plaintiff's request for a disfavored preliminary injunction. Given the ongoing impact of the district court's injunction (which still prevents Defendant from limiting Plaintiff's ability to contact coworkers and potential witnesses about the now-ongoing State Personnel Board proceedings, *see* App. at 247), Defendant does not want to prolong this appeal any more than necessary. Accordingly, Defendant respectfully request that the Court decide this matter on the briefs.

---

[8] While it is true Defendant did not specifically attack Plaintiff's claims of reputational harm below, she argued that Plaintiff would not suffer *any* irreparable harm in the absence of an injunction given the offer of reinstatement and initiation of the State Personnel Board proceedings. This was sufficient to preserve this issue for appeal. *Cf. Malamed*, 874 F.3d at 1144 n.4 (observing that a defendant "preserved a general argument about the four requirements typically required to obtain injunctive relief" when he argued that the plaintiff was required to show irreparable harm).

**CONCLUSION**

For the foregoing reasons, the Court should reverse the district court's grant

of a disfavored preliminary injunction.

Respectfully submitted,


By */s/ Cody R. Rogers*
Cody R. Rogers
Blade M. Allen
2540 El Paseo Road, Suite D
Las Cruces, NM 88001
Tel. (575) 288-1453
crogers@serpeandrews.com
ballen@serpeandrews.com
*Attorneys for Defendant/Appellant*

## CERTIFICATE OF COMPLIANCE

1.  This filing complies with the word limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 4,916 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2.  This filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman type.

*/s/ Cody R. Rogers*
Cody R. Rogers

## CERTIFICATE REGARDING DIGITAL SUBMISSION AND PRIVACY REDACTIONS

1.  All required privacy redactions have been made to this document and, with the exception of those redactions, this document and any other document(s) submitted in Digital Form or scanned PDF format are an exact copy of any written document(s) required to be filed with the Clerk.

2.  The digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program and, according to the program, are free of viruses.

*/s/ Cody R. Rogers*
Cody R. Rogers

## CERTIFICATE OF SERVICE

I certify that on November XX, 2025, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel of record in this matter to be served by electronic means.

*/s/ Cody R. Rogers*
Cody R. Rogers